UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CRAIG LAMONT RUCKER,

    Plaintiff,

v.    Case No. 3:18cv1538-LC-CJK

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

In his motion to proceed *in forma pauperis*, plaintiff declared, under penalty of perjury, that he had not received any money from "gifts, inheritances, or any other sources" in the 12 months preceding July 12, 2018. (Doc. 2, p. 2). Plaintiff's inmate account statement, however, shows he received 10 deposits into his account from March 1, 2018, to July 6, 2018, which total $735. (Doc. 9, p. 3-5). Because plaintiff submitted false information to the court, he was directed to show cause why this case should not be dismissed as malicious for abusing the judicial process. (Doc. 10); *see* 28 U.S.C. § 1915A(b)(1) (providing that a prisoner complaint may be dismissed as malicious).

Plaintiff submitted his response to the court's show cause order. (Doc. 11). He says:

> Due to the plaintiff being incompetent to the law I was assisted by a prisoner law clerk which has clearly misadvised me and the courts about my financial status. Due to law clerk misadvised, the plaintiff respectfully request that all false information that was submitted to the honorable courts be omitted on the ground of the plaintiff being incompetent and misled by the prisoner law clerk.

(Doc. 11, p. 1).

Plaintiff's explanation does not excuse his submission of false responses to the questions on the motion to proceed *in forma pauperis*. Although plaintiff may have been assisted by an inmate law clerk, he is responsible for ensuring documents submitted to the court in his case contain accurate information.* Furthermore, the assertion that the inmate law clerk misled plaintiff regarding his financial status is unpersuasive, as plaintiff's inmate account statement shows he has been spending—and thus is aware of—the money deposited into his account. (Doc. 9, p. 3-5). And plaintiff's lack of familiarity with the law is not relevant, as plaintiff's misrepresentation concerned his financial status, not a legal argument.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed

---

* The questions on the financial affidavit that plaintiff answered falsely appear on the same page plaintiff signed indicating the information on the affidavit was "true and correct." (Doc. 2, p. 2).

Case No. 3:18cv1538-LC-CJK

before it.  Here, plaintiff falsely responded to questions on the motion to proceed *in forma pauperis*, as detailed above.  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to mislead the court regarding his financial status.  The court should not allow plaintiff's false responses to go unpunished.  An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.  *Cf. Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (holding district court's sanction of dismissal without prejudice was not an abuse of discretion when prisoner misrepresented the facts concerning his litigation history).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's motion to proceed *in forma pauperis* (docs. 2, 5) be DENIED.

2. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1).

At Pensacola, Florida, this 20th day of November, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.